SULLIVAN, Senior Judge
(concurring in the result):
The majority faults the trial judge for failing to make clear on the record that he considered appellant’s claim of implied bias and applied the correct legal test in rejecting that claim. It then steps in and de novo resolves this claim against appellant by holding:
On this record, we hold an objective observer, aware of Article 25, UCMJ, 10 USC § 825, and the military justice system, would distinguish between officers who are professional colleagues and friends based on professional contact and those individuals whose bond of friendship might improperly find its way into the members’ deliberation room.
56 MJ at 423. This same majority in United States v. Wiesen, 56 MJ 172 (2001), refused to accept this same military reality where one member was a brigade commander over a significant number of panel members.
In my view, it is up to the military judge to determine, based on all the circumstances of a case, whether a challenge for cause should be granted on this or any other basis. See United States v. Wiesen, supra at 182 (Sullivan, S.J., dissenting). I would review his decision for an abuse of discretion. Id. I applaud the majority’s recognition of the military realities in appellant’s case and conclude that a reasonable basis existed on this record for the military judge’s action. The military judge in this case did not abuse his discretion in denying appellant’s challenge for cause.
Turning to the question whether military judges must “liberally” grant challenges for cause, I think our position on this matter should be reconsidered. See United States v. Wiesen, supra at 183 n. 1 (Sullivan, S.J., dissenting). Regardless of the Manual drafters’ assertion that this policy is still in effect, the President removed the only express statement of this policy in 1984, more than seventeen years ago! See ROM 912(f)(3), *425 Manual for Courts-Martial, United States, 1984; United States v. White, 36 MJ 284, 287 (CMA 1993). Moreover, policy, unlike law, is unenforceable and largely hortatory in nature. See United States v. Sloan, 35 MJ 4, 9 (CMA 1992) (“policy typically is not law”). In addition, the reasons for this policy, although deeply historical in origin, have largely dissipated over time. See generally George B. Davis, A Treatise on the Military Laws of the United States 88 n. 1 (3rd Rev. ed.1913); William Winthrop, Military Law and Precedents 212-13 (2d ed.1920 Reprint); William C. DeHart, Observations on Military Law and the Constitution and Practice of Courts-Martial 115-16, 125-27 (1846). Finally, in view of the broad discretion afforded by this Court to a trial judge in deciding challenges for cause, a qualitative standard of liberality is nearly impossible to ensure. See United States v. White, supra.